Kenneth W. Reed #108264
ASPC-Tucson/Winchester
P.O. Box 24401
Tucson, AZ 85734-4401
Plaintiff *Pro Se*



FILED ✓    ___ LODGED
___ RECEIVED    ___ COPY

MAY 3 1 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Kenneth W. Reed,

    Plaintiff

vs.

Trinity Services Group, Inc.,
et al.,

    Defendants

No. CV 21-00016 PHX JAT (CDB)

MOTION FOR ISSUANCE OF
ORDER DIRECTING NON-PARTIES
CENTURION OF ARIZONA, L.L.C.,
AND ITS INMATE MEDICAL
RECORDS CUSTODIAN TO APPEAR
AND SHOW CAUSE WHY CONTEMPT
DECREE SHOULD NOT ISSUE FOR
DISOBEYING SUBPOENA

    **COMES NOW** the Plaintiff, Kenneth W. Reed, *in propria persona* as the undersigned, and, as is provided for under Rule 45(g), Federal Rules of Civil Procedure ("FRCvP"), moves the Court for the issuance of an order directing non-parties Centurion of Arizona, L.L.C. ("Centurion"), and its Inmate Medical Records Custodian Naomi Quituga to appear and show cause why they should not be held in contempt of this Court's lawful authority for their disregard of a subpoena that had been regularly issued and was duly served upon them.

    In its Order of March 29, 2022, the Court allowed for the reissuance of a subpoena *duces tecum* that had been returned unexecuted because the person upon whom it was supposed to have been served was, at that particular time

service was attempted, on medical leave; also granting, in that same Order, the issuance of a second subpoena[1] and the Plaintiff's request to have the United States Marshals Service make another attempt at service [Doc. #127[2]]. Plaintiff promptly returned both subpoenas to this Court's clerk for processing; the one directing non-party Centurion's custodian of inmates' health records at the Arizona State Prison's Tucson Complex, viz., a Naomi Quituga, to produce for his inspection and copying a certain, small part of his medical record; the other, directing Naomi Quituga's lieutenant (i.e., Centurion's acting custodian of inmates' health records)[3] to produce those selfsame medical records [Doc. #unknown (Notice of Compliance With Court's March 29, 2022, Directive; Plaintiff's Return of Completed Subpoenas to Clerk's Office; docketed April 13, 2022)]. Process was served upon Naomi Quituga on May 4, 2022, which rendered service of that same production request upon Centurion's acting custodian of inmates' health records unnecessary [see, respectively, Docs. #149 and #148]. Because he could not have predicted exactly when the United States Marshals Service would be able to locate Naomi Quituga, but, nevertheless, being under the obligation that Rule 45(d)(3)(A)(i), FRCvP, impliedly imposes upon him to allow for compliance, Plaintiff specified the time and the date for production of the requested documents as, "8:30 a.m. on the third Monday, following the date of service of

---

[1] In order to avoid the possibility of having the United States Marshals Service return the Plaintiff's subpoena *duces tecum* unexecuted for a second time, should Naomi Quituga still be absent from work on medical leave, the Court *sua sponte* provided for the issuance and service of a second subpoena, although, upon Centurion's acting custodian of inmates' medical records at the Arizona State Prison's Tucson Complex [Doc. #127].

[2] Unless stated otherwise herein, all bracketed record references will be to the document ("Doc.") number that was generated by the Court's Case Management/Electronic Filing System ("ECF") in this cause after it was transferred from the Court's Tucson Division to its Phoenix Division.

[3] Ditto Note 1.

process" [Doc. #149 at p. 2]. The third Monday following May 4, 2022, was May 23, 2022.

Plaintiff did not receive, neither from Centurion nor from Naomi Quituga any objection to the terms and conditions specified in his subpoena *duces tecum*; neither within nor without the time allowed by Rule 45(d)(2)(B), FRCvP.

Nor did Centurion or Naomi Quituga file a motion to quash or modify the Plaintiff's subpoena *duces tecum*; neither within nor without the time contemplated by Rule 45(d)(3)(A), FRCvP.

Nor did anyone — neither Naomi Quituga nor anyone other in Centurion's employ nor anyone claiming to represent Centurion's interests — show up at the appointed time, *viz.*, 8:30 a.m., on Monday, May 23, 2022, and at the designated place, *viz.*, the Winchester Unit's Library/Resource Center, to produce for the Plaintiff's inspection and copying, any of the medical records described in the subject subpoena.

Nor has the Plaintiff since received from Naomi Quituga or any one of Centurion's other employees, copies of the medical records he described in his subpoena *duces tecum*.

**WHEREFORE** Plaintiff moves the Court for the issuance of an order directing non-parties Centurion and its Inmate Medical Records Custodian Naomi Quituga to appear and show cause why they should not be held in contempt of this Court's lawful authority.

Written and readied to submit to prison library staff for copying this 25th day of May, 2022.

Kenneth W. Reed
Kenneth W. Reed
Plaintiff

-3-

## CERTIFICATE OF FILING AND SERVICE

Given to prison mailroom personnel this date for mailing, in accordance with prison policy and established institutional procedures, will be an envelope which is correctly addressed to the Clerk of the United States District Court for the District of Arizona, and which will contain, possibly among other things, the original and two copies of the foregoing Motion. Plaintiff intends for, and expects that the Clerk of the Court will file this original document upon receipt, deliver a copy to the assigned judge and return to him the extra copy, conformed.

Also given to prison mailroom personnel this date for mailing, in accordance with prison policy and established institutional procedures, will be another envelope, which will contain, possibly among other things, one copy of the foregoing Motion, and which is addressed to:

Messrs. Randy J. Aoyama and Bradley L. Dunn
Attorneys at Law
Hinshaw & Culbertson, LLP
2375 E. Camelback Rd., Suite 750
Phoenix, AZ 85016
Attorneys for Defendants Trinity Services Group, Inc.,
    Merriman and Montaño

By: _Kenneth W Reed_

Date: _May 27, 2022_