**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W Reed,<br><br>  Plaintiff,<br><br>v.<br><br>Trinity Services Group Incorporated, et al.,<br><br>  Respondents. | No. CV-21-00016-PHX-JAT (CDB)<br><br>**ORDER** |

Pending before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending dismissal of Defendants Gaye and Tuozzo without prejudice for Plaintiff Kenneth W. Reed's failure to timely effect service of process on them. (Doc. 125). Plaintiff filed objections to the R&R. (Doc. 135).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct

"any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

Because Plaintiff does not object to the procedural background laid out in the R&R, the Court adopts it as set forth therein:

> Plaintiff, who is in custody, initiated this matter by filing a complaint on November 12, 2019. (ECF No. 1-2 at 2). Plaintiff proceeds pro se in this civil rights matter, which was removed from state court on November 25, 2020. Plaintiff filed a First Amended Complaint on May 17, 2021. (ECF No. 25). On June 10, 2021, the Court ordered Defendants Montaño, Merriman, Gaye, Muko, and Tuozzo to answer Count One of the First Amended Complaint and dismissed all other named defendants and Count Two of the First Amended Complaint. (ECF No. 27).
>
> In the Order issued June 10, 2021, the Court stated:
>
> If Plaintiff does not either obtain waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m).
>
> (ECF No. 27 at 18). Accordingly, initial service in this matter was required by August 16, 2021.
>
> Defendant Merriman answered the First Amended Complaint on July 1, 2021, and a scheduling order was issued July 2, 2021. (ECF No. 29; ECF No. 30). Defendant Montaño answered the First Amended Complaint on September 20, 2021. (ECF. No. 49). Discovery in this matter with regard to Defendants Montaño and Merriman closed December 10, 2021.
>
> Service packets for Defendants Gaye, Muko, and Tuozzo were returned to the Court and forwarded to the United States Marshal for service. Service on Defendant Gaye was returned

as unexecuted on August 2, 2021, noting Gaye is "no longer a staff member." (ECF No. 41). Service on Defendant Tuozzo was returned as unexecuted on August 12, 2021, noting Tuozzo is "retired." (ECF. No. 44). Service on Defendant Muko was returned as unexecuted on September 13, 2021. (ECF No. 43). On October 18, 2021, the Court ordered David Shinn, the Director of the Arizona Department of Corrections, Rehabilitation and Reentry ("ADCRR") to provide the last known addresses of Defendants Gaye, Muko, and Tuozzo under seal, and extended the deadline for service on these Defendants to December 17, 2021. (ECF No. 56) [footnote omitted]. Director Shinn complied with the order at ECF No. 56 on November 15, 2021 (ECF No. 71), and service packets for Defendants Muko, Gaye, and Tuozzo were provided to the United States Marshal. Service on Defendant Tuozzo was returned as unexecuted on December 15, 2021, with the notation that this Defendant was not at the last address known to Director Shinn. (ECF No. 81). Service on Defendant Gaye was returned as unexecuted on February 7, 2022, with the notation that the United States Marshal had endeavored to effect personal service on Defendant Gaye at the last known address provided by Director Shinn on January 18 and February 3, 2022, and that Defendant Gaye "no longer lives at the address provided." (ECF No. 102). Service on Defendant Muko was returned as executed on February 3, 2022. (ECF No. 101).

The CM/ECF docket in this matter indicates Plaintiff failed to effect[] service of process on Defendants Gaye and Tuozzo within the time required by the Court's orders. Accordingly, on February 23, 2022, Plaintiff was allowed until March 16, 2022, to show cause why Defendants Gaye and Tuozzo and all of Plaintiff's claims against Defendants Gaye and Tuozzo should not be dismissed for Plaintiff's failure to comply with the Court's orders regarding service and Plaintiff's failure to effect service of process on these Defendants as required by Rule 4 of the Federal Rules of Civil Procedure. In response to the Order to Show Cause, Plaintiff asserts that on October 7, 2021, he requested a subpoena directed to the ADCRR's "personnel records custodian" to provide "certain records and information that would likely contain some useful intelligence concerning the whereabouts" of Defendants Gaye and Tuozzo. (ECF No. 124 at 2 & 3). Plaintiff further notes he has no access to the

- 3 -

>Internet, and therefore cannot use "a number of applications … one might use to locate persons whose circumstances have diminished, or whose preferences have caused them to diminish their public visibility…" (*Id.*). Plaintiff also states he "…lacks the monetary resources he would need to hire an attorney or an investigator, or to pay someone (without the prison system) to conduct a search for information regarding Defendant Gaye's and Tuozzo's whereabouts." (*Id.*) Plaintiff contends it is "utterly inconceivable that the custodian of the [ADCRR's] personnel records would not require each and all of the [ADCRR's] retirees to periodically update their own files to ensure that their benefits … and any income tax reporting information … are being sent to the right places." (*Id.*) Plaintiff also asserts "that, had he been permitted to conduct his own study of the information and documents whose production he sought, he would have either discovered" the Defendants' "whereabouts directly or, otherwise, lighted upon information which would have led him to the discovery of their whereabouts." (*Id.*) Accordingly, Plaintiff argues, his "ostensible failure to perfect service of process" "was the result of his having been <u>unable </u>to do so." (ECF. No. 124 at 5).

(Doc. 125 at 1–4). Ultimately, the Magistrate Judge found that it was Plaintiff's responsibility, not the Court's, to furnish the Defendants' address to the United States Marshal for service and privacy concerns precluded ADCRR from providing any information from the Defendants' personnel records other than their last known addresses. (*Id.* at 5). As such, the Magistrate Judge recommends dismissal of Defendants Gaye and Tuozzo for Plaintiff's failure to timely serve them. (*Id.*)

The Court will now turn to Plaintiff's objections.

First, Plaintiff generally objects to the Magistrate Judge's "discordant and supposititiously censorious analysis" and her conclusion to recommend dismissal of Defendants' Gaye and Tuozzo. (Doc. 135 at 2). However, the Court has no duty to review the substance of an R&R based on a general objection. *Accord Martin v. Ryan*, CV-13-00381-PHX-ROS, 2014 WL 5432133, *2 (D. Ariz. October 24, 2014) ("…when a petitioner raises a general objection to an R&R, rather than specific objections, the Court is relieved of any obligation to review it.") (collecting cases); *Warling v. Ryan*, CV-12-

01396-PHX-DGC, 2013 WL 5276367, *2 (D. Ariz. September 19, 2013) ("A general objection has the same effect as would a failure to object") (internal quotations and citation omitted).

Next, Plaintiff appears to object to the Magistrate Judge's prior denials of his requests to subpoena Defendant Gaye's and Tuozzo's personnel records to allow him to "conduct his own study of those records for information regarding" Defendant Gaye's and Tuozzo's whereabouts. (Doc. 135 at 6). Plaintiff contends that the last known addresses provided to the Court were inaccurate such that he needs additional information from ADCRR. (*Id.*) The Magistrate Judge found, and the Court agrees, that Plaintiff has not shown that the last known addresses provided by ADCRR were incorrect when provided to the Court, intentionally so or otherwise. The Magistrate Judge also noted that there is "no basis to presume that disclosure of these individual's personnel record would reveal any other address for them other than that already provided," and "issues regarding privacy would presumably bar the ADCRR from providing any information regarding former employees other than a last known address." (Doc. 125 at 5). The Court agrees with the Magistrate Judge's reasoning and finds that the Magistrate Judge did not err in not allowing Plaintiff to seek additional personnel information beyond the provided last known addresses.

Next, Plaintiff appears to object to the Magistrate Judge's failure to require David Shinn to respond to the Magistrate Judge's October 18, 2021, Order himself. (Doc. 135 at 6–7). However, because David Shinn is the Director of the ADCRR, the Magistrate Judge's acceptance of the Assistant Attorney General's response on behalf ADCRR (and David Shinn) was not in error. Furthermore, is not clear to the Court that David Shinn would have access to different or more recent last known address information than his employees at ADCRR that furnished the information in response to the court order.

Finally, to the extent that Plaintiff has raised additional objections that are collateral to the determinative factual and legal issues underlying the R&R, the Court declines to address them.

1  Having reviewed the record as it relates to Plaintiff's objections, the Court accepts
2  the R&R in its entirety.
3  Accordingly,
4  **IT IS ORDERED** that Plaintiff Kenneth W. Reed's "Objections to, and Request
5  for Court's De Novo Review of Magistrate Judge's March 18, 2022, Report and
6  Recommendation" (Doc. 135) is **OVERRULED**.
7  **IT IS FURTHER ORDERED** That the Report and Recommendation of Magistrate
8  Judge Camille D. Bibles (Doc. 125) is **ADOPTED.**
9  **IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss without
10 prejudice Defendants Pa Omar Gaye and Paul Tuozzo from this action.
11 Dated this 14th day of June, 2022.

James A. Teilborg
Senior United States District Judge