1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                      **FOR THE DISTRICT OF ARIZONA**

8

9    Kenneth W Reed,                              No. CV-21-00016-PHX-JAT (CDB)

10                   Plaintiff,                   **ORDER**

11   v.

12   Trinity Services Group Incorporated, et al.,

13                   Defendants.

14

15          Pending before the Court is the Report and Recommendation (R&R) of the

16   Magistrate Judge screening the Second Amended Complaint ("SAC") consistent with 28

17   U.S.C. § 1915(A). (Doc. 98). Kenneth W. Reed ("Plaintiff") filed objections to certain

18   portions of the R&R. (Doc. 115).

19          This Court "may accept, reject, or modify, in whole or in part, the findings or

20   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that

21   the district judge must review the magistrate judge's findings and recommendations *de*

22   *novo* if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114,

23   1121 (9th Cir. 2003) (en banc) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d

24   1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo*

25   review of factual and legal issues is required if objections are made, 'but not otherwise.'");

26   *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th

27   Cir. 2009) (the district court "must review *de novo* the portions of the [Magistrate Judge's]

28   recommendations to which the parties object."). District courts are not required to conduct

1   "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*,

2   474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court

3   shall make a *de novo* determination of those portions of the [report and recommendation]

4   to which objection is made.").

5          Here, the R&R screens Plaintiff's three count SAC brought against 22 defendants,

6   11 of whom are unnamed as "Defendant Pat Does I-XI." All three of Plaintiff's claims are

7   based on the same factual allegations, which are largely identical to Plaintiff's First

8   Amended Complaint ("FAC"). Plaintiff objected to the R&R as to all three counts, but only

9   regarding the dismissal of specific defendants. As to all counts and defendants to which

10  there is not an objection, the Court accepts and adopts the R&R.

11         The Court will now turn to Plaintiff's objections:

12  **I.      Right to Access the Courts**

13         At the outset, Plaintiff argues that he cannot meaningfully exercise his right to

14  petition this Court for redress because he is being held in a prison facility without access

15  to a law library. (Doc. 115 at 2).

16         In *Bounds v. Smith*, the Supreme Court held "the fundamental constitutional right

17  of access to the courts requires prison authorities to assist inmates in the preparation and

18  filing of meaningful legal papers by providing prisoners with adequate law libraries or

19  adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. However,

20  in *Lewis v. Casey*, the Supreme Court limited its earlier decision in *Bounds* and reversed a

21  Ninth Circuit decision upholding a District of Arizona determination that Arizona

22  Department of Corrections violated prisoners' right to access the courts by failing to update

23  legal materials or provide access to the law library. 518 U.S. 343, 346–347 (1996). The

24  *Lewis* Court clarified that *Bounds* did not establish "the right to a law library or to legal

25  assistance," and instead reiterated the well-known right to court access. *Id.* at 350. The

26  *Lewis* Court went on:

27                      In the cases to which *Bounds* traced its roots, we had protected
                        that right by prohibiting state prison officials from actively
28                      interfering with inmates' attempts to prepare legal documents

or file them, and by requiring state courts to waive filing fees
or transcript fees for indigent inmates. *Bounds* focused on the
same entitlement of access to the courts. Although it affirmed
a court order requiring North Carolina to make law library
facilities available to inmates, it stressed that that was merely
one constitutionally acceptable method to assure meaningful
access to the courts, and that our decision here ... does not
foreclose alternative means to achieve that goal. In other
words, prison law libraries and legal assistance programs are
not ends in themselves, but only the means for ensuring a
reasonably adequate opportunity to present claimed violations
of fundamental constitutional rights to the courts.

*Id.* at 350–51 (citations omitted).

Here, Plaintiff has not alleged that the prison officials are preventing him from his
right to access the courts or from presenting his legal claims. Plaintiff's ability to access
the Court is evidenced by the various articulate filings before the Court in this case. Thus,
the Court does not find Plaintiff's argument persuasive enough to reject the Magistrate
Judge's R&R on this basis.

**II.     Recommended Dismissal of the Second Amended Complaint**

At the outset, the Court notes that Plaintiff's SAC largely contains nearly identical
factual allegations as the FAC,[1] which are summarized in this Court's Screening Order
dated June 10, 2021. (Doc. 27 at 2–12). However, Plaintiff's SAC contains additional
allegations regarding his failure to train and supervise claim against Defendants Ryan and
Montaño, which are discussed in more detail below. (*See* Doc. 40 at 14–15).

**a.   Deliberate Indifference to Serious Medical Need**

**i.   Objections as to All Dismissed Defendants**

In this Court's June 10, 2021, Screening Order, Defendants Ryan, Trinity, Jones,

---

[1] The Court notes that Plaintiff appears to have switched the order of Counts 1 and 2 in the
SAC from how they were presented in the FAC, such that Count 1 contains his deliberate
indifference to a serious medical need claim, which was presented as Count 2 of the FAC
and dismissed in this Court's June 10, 2021 screening order as duplicative, and the SAC's
Count 2 contains his conditions of confinement claim, which was presented as Count 1 of
the FAC and the Court found stated a plausible claim against Defendants Montaño,
Merriman, Gaye, Muko, and Tuozzo. (Doc. 27 at 17-18). For ease of reference, the Court
will refer to Plaintiff's claims as "deliberate indifference to a serious medical need" and
"conditions of confinement," respectively.

1   Barr, Valisto, Urrea, and Defendant Pat Does I-XI were each dismissed for failure to state

2   a claim in the FAC (hereinafter collectively referred to as "dismissed Defendants").

3          The Magistrate Judge then recommended dismissal of all the previously dismissed

4   Defendants from the SAC, finding:

> Plaintiff does not plead sufficient facts to establish that any of
> the dismissed Defendants were aware of facts from which
> inference could be drawn that a substantial risk of harm existed
> because some of Plaintiff's meals were not in conformance
> with the prescribed diet, or that any dismissed Defendant
> actually drew that inference. Nor does Plaintiff allege
> sufficient specific facts to show that any dismissed Defendant
> intentionally denied Plaintiff meals in conformance with the
> prescribed diet, or that Trinity had a pattern, practice, or
> custom of denying Plaintiff or other inmates with medically
> prescribed meals.

12   (Doc. 98 at 20).

13          First, Plaintiff objects to the Magistrate Judge's characterization of his claim that he

14   was deprived of only "some meals" because Plaintiff contends that it was actually more

15   than 11 meals within a 25-day span. (Doc. 115 at 3). According to Plaintiff, the Magistrate

16   Judge "unduly depreciates the severity of the complained of deprivation." (*Id.*) The Court

17   notes Plaintiff's objection but finds that no relief is warranted because this characterization

18   is not material to the determinative factual and legal issues underlying the R&R.

19          Next, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to

20   "plead sufficient facts to establish that any of the dismissed defendants were aware of the

21   facts from which the inference could be drawn that a substantial risk of harm existed,"

22   (Doc. 98 at 20), because the doctor that issued the restricted diet order was bound by doctor-

23   patient privilege and was not allowed to make the Defendants aware of the facts regarding

24   his medical condition underlying the restricted diet order, (Doc. 115 at 3–4). Plaintiff

25   asserts that he pled all of the facts that the Defendants "rightly could have been made aware

26   of." (*Id.* at 4). However, Plaintiff's assertion of doctor-patient privilege does not save his

27   deficient SAC because he does not allege that he, himself, ever attempted to make the

28   dismissed Defendants aware of his medical condition underlying the need for specific

1     adherence to his medical diet order at every meal.

2          The Magistrate Judge correctly outlined the test for deliberate indifference to a

3     serious medical need. Assuming without deciding that Plaintiff has met the first prong of

4     the test requiring a serious medical need, Plaintiff is required to plead facts sufficient to

5     meet the second prong of the test: that the Defendants' response to that serious medical

6     need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)

7     (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

8          As noted in this Court's June 10, 2021 Screening Order, prison officials act with

9     deliberate indifference if they "know[] of and disregard[] an excessive risk to inmate health

10    or safety." *Farmer*, 511 U.S. at 837. To satisfy the knowledge component, an official must

11    both "be aware of facts from which the inference could be drawn that a substantial risk of

12    serious harm exists, and he must also draw the inference." *Id.* "Prison officials are

13    deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or

14    intentionally interfere with medical treatment," *Hallett v. Morgan*, 296 F.3d 732, 744 (9th

15    Cir. 2002) (internal citations and quotation marks omitted), or when they fail to respond to

16    a prisoner's pain or possible medical need. *Jett*, 439 F.3d at 1096. But the deliberate-

17    indifference doctrine is limited; an inadvertent failure to provide adequate medical care or

18    negligence in diagnosing or treating a medical condition does not support an Eighth

19    Amendment claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citations

20    omitted); *see Estelle*, 429 U.S. at 106 (negligence does not rise to the level of a

21    constitutional violation). Even if deliberate indifference is shown, to support an Eighth

22    Amendment claim, the prisoner must demonstrate harm caused by the indifference. *Jett*,

23    439 F.3d at 1096; *see Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in

24    providing medical treatment does not constitute Eighth Amendment violation unless delay

25    was harmful).

26         Plaintiff argues, without support, that the prescription diet itself should be clear and

27    convincing evidence that Plaintiff had an underlying medical necessity for the diet, from

28    which the food servers should have inferred or known that by providing Plaintiff with less

1   food than required 11 times in a 25-day period would put him at a substantial risk of harm.

2   (Doc. 115 at 4–5). However, the Magistrate Judge correctly found that, in isolation, the

3   incidents regarding Plaintiff's deficient meals, which appear to each have involved

4   different correctional officers and Trinity employees based on Plaintiff's allegations

5   regarding the dismissed Defendants,[2] do not rise to the level of events that would put any

6   of the dismissed Defendants on notice that Plaintiff was at substantial risk of harm for

7   failure to follow the prescribed diet. At best, Plaintiff's allegations amount to negligence

8   on the part of the dismissed Defendants for failure to ensure that some of Plaintiff's meals

9   were not in strict conformance with his medically prescribed diet. Plaintiff fails to plead

10  facts establishing that the Defendants were deliberately indifferent to his medical needs,

11  such that they knew of and disregarded an excessive risk to his health or safety by failing

12  to provide him with additional food above what was required for the general inmate

13  population.

14       Next, Plaintiff objects to the Magistrate Judge's conclusion that "[n]or does Plaintiff

15  allege sufficient specific facts to show that any dismissed Defendant intentionally denied

16  Plaintiff meals in conformance with the prescribed diet." (Doc. 115 at 5). Plaintiff argues

17  that he "does not know with the requisite degree of certainty, as to their states of mind, to

18  attest that any particular one or all of [the Defendants] acted with a purposeful intent to do

19  him harm" but the fact that he returned nine meals to Defendant Pat Does I-XI between

20  August 15 and August 31 and none of them were corrected or replaced "lead[s] directly to

21  the most sensible inference that Defendant Trinity and those of its food service workers

22  intended not to provide" Plaintiff's medically prescribed diet "and, hence, to do him harm."

23  (*Id.* at 6).

24       "A plaintiff must allege facts, not simply conclusions, that show that an individual

25  was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152

26  F.3d 1193, 1194 (9th Cir. 1998). Here, the Plaintiff has not sufficiently alleged facts that

27

28  _____
    [2] Plaintiff's SAC alleges that dismissed Defendants Jones, Barr, Valisto, Urrea and Defendant Pat Does I-XI were each involved in a single incident of noncompliance with his medically prescribed diet. (*See generally* Doc. 25).

1  give rise to the inference that the dismissed Defendants intentionally deprived him of his

2  meals. The facts in Plaintiff's SAC establish that one-fifth of the meals he received over

3  the course of 15 days did not comply with his medically prescribed diet. (*See* Doc. 115 at

4  5–6). Plaintiff alleges no other facts that would lead the Court to conclude that he raised a

5  plausible claim that any of the dismissed Defendants failed to comply with his prescribed

6  diet order on purpose. As such, the Court agrees with the Magistrate Judge's conclusion

7  that Plaintiff failed to establish that any of the dismissed Defendants intentionally

8  interfered with his medical diet. Although *pro se* pleadings are liberally construed, *Haines*

9  *v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support

10  a cause of action. *Ivey v. Bd. Of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

11  Finally, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff failed to

12  plead facts to show that Defendant Trinity had a pattern, practice, or custom of denying

13  Plaintiff or other inmates medically prescribed meals. (Doc. 115 at 6–7). Plaintiff contends

14  that due to his unique position as a *pro se* prisoner plaintiff, he is unable to plead facts to

15  establish that Defendant Trinity has any pattern, practice or custom relevant to his claims

16  "without having a scintilla of credible evidence upon which to form a sincere belief." (Doc.

17  115 at 6).

18  As noted in this Court's June 10, 2021, Screening Order, to state a claim under §

19  1983 against a private entity performing a traditional public function, such as providing

20  meals to prisoners, a plaintiff must allege facts to support his constitutional rights were

21  violated as a result of a policy, decision, or custom promulgated or endorsed by the private

22  entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138–39 (9th Cir. 2012); *Buckner*

23  *v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific

24  policy or custom and how it violated his constitutional rights.

25  Here, Plaintiff's SAC fails to allege any facts that a *specific* policy, decision or

26  custom existed within Defendant Trinity's organization led to his injuries. As the Court

27  noted in its June 10, 2021, Screening Order, "[t]o the contrary, it appears that Defendant

28  Trinity consistently provided Plaintiff with the Restricted Diet Order when Plaintiff was

- 7 -

confined at the East Unit." (Doc. 27 at 14; Doc. 115 at 6–7). Moreover, although Plaintiff asserts that the facts in his SAC "clearly evince a (25-day) pattern of practices and usages that Defendant Trinity and Would-Be Defendants Pat Does I-XI had devised and were following to deny the Plaintiff his medically prescribed dietary regimen," (Doc. 115 at 7), the Court agrees with the Magistrate Judge that Plaintiff's SAC fails short of the pleading standard required by *Iqbal* and *Twombly*.

Plaintiff fails to make the connection between the allegations that Trinity employees and ADOC correctional officers denied him of his medical dietary needs and any involvement or awareness on Defendant Trinity's part. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452. Indeed, Plaintiff contrarily alleges that Defendant Trinity entered into a contract with Defendant Ryan under which they agreed to provide meals to inmates "in adequate quantities, of hygienic and esculent quality, and with the nutritional values as would be necessary for their maintenance of good health and physical fitness in accordance with prevailing standard of decency under the Eighth Amendment." (Doc. 40 at 5). If Plaintiff is unable to identify the existence of a *specific* policy, decision or custom, Plaintiff is unable to state a claim upon which relief can be granted against Defendant Trinity under the law. *See Ivey v. Bd. Of Regents,* 673 F.2d 266, 268 (9th Cir. 1982) (holding that a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled).

### ii.  Objections Regarding Defendant Jones's Statement to Ms. Williams-Hancock

Plaintiff's next argues that the Magistrate Judge failed to address his new allegations in the SAC that Defendant Jones falsely asserted that Defendant Montaño's orders led to Defendant Trinity's failure to provide his August 25, 2018, meal in accordance with his prescribed diet. (Doc. 115 at 7).

In the FAC, Plaintiff stated the following:
> For dinner on August 25, 2018, Defendant Trinity's food service worker, Defendant at Doe IX, prepared and sent to a Ms. Williams-Hancock, for her to serve the Plaintiff, a meal

that was incompliant with the Plaintiff's June 7, 2018, RDO and/or RD Menus Spreadsheet and/or the ADOC's Restricted Diets Manual. When Ms. Williams-Hancock presented that meal to the Plaintiff; Plaintiff described to her exactly what its shortcoming were, refused its acceptance and asked that it be corrected or replaced. After she confirmed that the Plaintiff's meal had been incorrectly prepared, Ms. Williams-Hancock returned it to the kitchen and made a telephone call there, purposing to speak with Defendant Pat Doe IX. However, Defendant Jones intercepted Ms. Williams-Hancock's telephone call and refused to allow her to speak with Defendant Pat Doe IX directly. During that telephone conversation, to which Plaintiff was made privy, **Defendant Jones flatly denied that anything was wrong with the meal that Defendant Trinity's food service work, *viz.*, Defendant Pat Doe IX, had prepared for Plaintiff and sent, because, as she explained, the Central Unit was a restricted-movement, maximum custody facility where its deputy warden, *viz.*, Defendant Montaño, had directed Defendant Trinity to reduce portion sizes for all meals being served**; hence, the Plaintiff's enhanced-calorie Wasting Syndrome Diet became, after downsizing, exactly the same fare as what all other general population inmates are served.

(Doc. 25 at 12) (emphasis added).

In the SAC, Plaintiff slightly modified the above allegations to clarify that Defendant Jones *falsely asserted* her remark regarding Defendant Montaño's instructions to Defendant Trinity about reducing portion sizes. (Doc. 40 at 12–13). Plaintiff argues that the purpose of this edit was to clarify this Court's mistaken understanding of the allegations in the FAC that led this Court to dismiss Defendant Jones, Defendant Trinity, and the Doe Defendants. (Doc. 115 at 8). Plaintiff argues that the Magistrate Judge erred by failing to recognize that this clarification required her to reevaluate whether Plaintiff adequately stated a claim against Defendant Trinity, Defendant Jones, and the Doe Defendants. (Doc. 115 at 8–9).

In the R&R, the Magistrate Judge does not appear to acknowledge this clarifying edit, so the Court will evaluate whether Plaintiff failed to state a claim with respect to the relevant Defendants under Plaintiff's objection.

### 1.  Defendant Jones

Although Plaintiff alleges that Defendant Jones "falsely asserted" that the "Central Unit was a restricted-movement, maximum custody facility where its deputy warden, *viz.*, Defendant Montaño, had directed Defendant Trinity to reduce portion sizes for all meals being served," Plaintiff still has not sufficiently pled facts that rise to the level of deliberate indifference to Plaintiff's serious medical need. Plaintiff has not alleged that Ms. Williams-Hancock informed Defendant Jones that Plaintiff's meal complaint was related to a medically-prescribed diet or other serious medical need, or that Defendant Jones was otherwise aware of facts from which she could have drawn the inference that Plaintiff was at a substantial risk of harm if this meal was not corrected and returned, or that she made any such inference. It is equally plausible from the facts alleged that Defendant Jones thought Plaintiff was complaining about his portion sizes for a non-medical reason, to which she responded how she responds to any other inmate complaint or request for additional food. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (holding that negligence in failing to provide adequate medical care does not give rise to a constitutional violation). Even assuming that Ms. Williams-Hancock made Defendant Jones aware of the medically prescribed diet, which Plaintiff does not allege, Plaintiff fails to sufficiently tie Defendant Jones's conduct on one occasion during one meal service to his alleged harms for the 25-day period. *See Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in providing medical treatment does not constitute Eighth Amendment violation unless delay was harmful).

### 2.  Defendant Trinity

Because the Court finds Plaintiff's change regarding Defendant Jones's statement immaterial to the Magistrate Judge's analysis of the claims against Defendant Trinity, as discussed above, the Court declines to address this objection with respect to Defendant Trinity.

### 3.  Doe Defendants

Regardless of whether Defendant Jones's statement regarding portion sizes was

false, Plaintiff has still failed to allege facts showing that the Doe Defendants acted with deliberate indifference to Plaintiff's health and safety.

This Court's reasoning for dismissing the Doe Defendants from the FAC was as follows:

> As to each individual Doe Defendant, Plaintiff alleges the individual prepared a single noncompliant meal and, if the deficiency was actually reported to the individual by a correction officer, chose not to take corrective action and provide a corrected or replacement meal. Plaintiff's allegations do not support a conclusion that any Doe Defendant acted with deliberate indifference to Plaintiff's health or safety; It appears each Doe Defendant prepared the meal and did not take corrective action because Defendant Trinity had been instructed by an ADC official to reduce portion sizes of meals served at the Central Unit. Thus, the Court will dismiss without prejudice Defendant Does I through XI.

(Doc. 27 at 16). In analyzing the SAC, the Magistrate Judge stated:

> Plaintiff does not allege sufficient specific factual allegations establishing that any of the dismissed individual Defendants, Doe Defendants, or Trinity, were deliberately indifferent to his serious medical needs. Plaintiff does not plead sufficient facts to establish that any of the dismissed Defendants were aware of the facts from which the inference could be drawn that a substantial risk of harm existed because some of the Plaintiff's meals were not in conformance with the prescribed diet, or that any dismissed Defendant actually drew that inference. Nor does Plaintiff allege sufficient specific facts to show that any dismissed Defendant intentionally denied Plaintiff meals in conformance with the prescribed diet, or that Trinity had a pattern, practice or custom of denying Plaintiff or other inmates with medically-prescribed meals.

(Doc. 98 at 20). The Court agrees with the Magistrate Judge that the SAC does not cure the defects identified in the FAC. Although the Court's logic for dismissing the Doe Defendants in the June 10, 2021, Screening Order relied on Plaintiff's prior allegations that Plaintiff has now changed, the Court finds that regardless of Plaintiff's new allegation that Defendant Jones's statement regarding the reduced portion sizes was actually false, Plaintiff still fails to allege any facts regarding the Doe Defendants' awareness that the

1    meals were not in conformance with the prescribed diet over that 25-day period, that

2    Plaintiff's meals should have been in conformance with any prescribed diet, or that the Doe

3    Defendants drew any inference of the same. Indeed, it is unclear from the allegations in the

4    SAC whether the Doe Defendants preparing the meals that did not get corrected, as alleged

5    in the SAC, were ever informed that Plaintiff complained about the meals' compliance with

6    his prescribed diet.

7    ### iii.  Failure to Train and Supervise

8    Plaintiff's SAC sets forth more detailed allegations pertaining to his failure to train

9    claim than those contained in the FAC. (Doc. 40 at 14–15).

10   After reiterating the additional pleaded facts, regarding Defendant Ryan only, the

11   Magistrate Judge found:

12   > Any negligent acts by Ryan in failing to anticipate this issue
13   > and exercise additional oversight of Trinity, or to include
     > additional or different authority for oversight of Trinity in the
14   > relevant ADOC order or manuals, does not rise to the level of
     > a constitutional violation.

15   (Doc. 98 at 20).

16   Plaintiff objects to the Magistrate Judge's treatment of his newly pleaded facts on

17   his failure to train claim. (Doc. 115 at 9). Specifically, Plaintiff argues that the Magistrate

18   Judge "overlooked addressing them" and failed to make any ruling on the Plaintiff's

19   amended failure to train claim as against Defendants Ryan, Montaño, and Merriman, which

20   this Court dismissed from the FAC in its June 10, 2021, Screening Order. The Court agrees

21   with Plaintiff that the Magistrate Judge did not clearly address Plaintiff's failure to train

22   claim with respect to Defendants Ryan, Montaño, and Merriman, but nonetheless finds that

23   Plaintiff failed to state a claim upon which relief can be granted as to each Defendant.

24   As stated in this Court's June 10, 2021, Screening Order, to state a constitutional

25   claim based on a failure to train or supervise, a plaintiff must allege facts to support that

26   the alleged failure amounted to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210,

27   1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular

28   training or supervision inadequate, but also that such inadequacy was the result of "a

1  'deliberate' or 'conscious' choice" on part of the defendant. *Id.* at 1213-14; *see Clement v.*

2  *Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in

3  light of the duties assigned to specific officers or employees, the need for more or different

4  training is obvious, and the inadequacy so likely to result in violations of constitutional

5  rights, that the policy[]makers… can reasonably be said to have been deliberately

6  indifferent to the need." (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989))). A

7  plaintiff must also show a "sufficient causal connection between the supervisor's wrongful

8  conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435,

9  1446 (9th Cir. 1991) (citations omitted).

10  While Plaintiff added in several new paragraphs pertaining to his failure to train

11  claim, Plaintiff failed to allege that any of the supervisory defendants made a deliberate

12  choice leading to the inadequate training or supervision of the correctional officers and

13  Trinity employees in charge of administering meals to prisoners.

14  With respect to Defendant Ryan, Plaintiff pleads facts showing that Defendant Ryan

15  had authored training manuals outlining the procedures for mealtimes, indicating that

16  Defendant Ryan deliberately chose to issue training guidance on meal service for inmates.

17  As noted by the Magistrate Judge, Defendant Ryan's alleged failure to anticipate that there

18  would be problems with meal service specification compliance for prescribed diets does

19  not amount to a constitutional violation where Plaintiff fails to allege that he omitted

20  discussion of those topics from the manual deliberately. Moreover, Plaintiff fails to

21  sufficiently allege a connection between the lack of procedures in the food service manuals

22  and the alleged failure to provide him with his prescribed diet. Indeed, Plaintiff pleads that

23  he had no complaints or issues with his meals other than the 25 days complained of while

24  in the Central unit, suggesting that any issues that arose were irrespective of the

25  department-wide manuals authored by Defendant Ryan.

26  With respect to Defendant Montaño, this Court found the allegations in the FAC

27  deficient and "too vague and conclusory" because "Plaintiff has failed to make any

28  allegations regarding the training actually provided or how those inadequacies led to his

1   injuries." (Doc. 27 at 15). In the SAC, Plaintiff alleges that Defendant Montaño failed to

2   institute mandatory training and education on compliance with meal service specifications

3   "as might have been instituted and available elsewhere." (Doc. 40 at 15). Plaintiff further

4   alleges that Defendant Montaño failed to provide "copies of the RD Menus Spreadsheet,

5   the ADOC's Restricted Diets Manual and the ADOC's Male General Population Level 3

6   & 4 Weekly Cycle Menus, all together with a listing (in whatever form it may be taken) of

7   the various food service specifications with which Defendant Trinity had agreed to

8   comply" "near the places of meal service." (*Id.*) Plaintiff further alleges that Defendant

9   Montaño failed to provide "a set of measuring implements and instruments (e.g., graduated

10  cups and spoons, scales, etc.)" to the officers conducting meal service that they could have

11  used to verify the accuracy of the meal portions and "more credibly convey that

12  information to Defendants Pat Does I-XI." (*Id.*) Finally, Plaintiff alleges that "but for their

13  lack of education and training and of their not having the necessary information,

14  implements and instruments at their disposal" the officers "would not have been so

15  variously imperious, pervaricative, argumentative and/or callously disregardful of the

16  Plaintiff's complaints… but would have been more capable of asserting their authority to

17  induce Defendants Pat Does I-XI to correct each and every food service discrepancy when

18  it was discovered and reported." (*Id.*)

19      However, as with Plaintiff's FAC, Plaintiff fails to allege what training is actually

20  provided to officers regarding meal service or that there was an overarching or obvious

21  need for additional training and supervision such that Defendant Montaño's failure to

22  institute additional measures could be seen as deliberately indifferent to a need for such

23  training. Plaintiff does not allege that Defendant Montaño knew of any facts from which

24  an inference could be drawn that his alleged failure to institute additional training protocols

25  surrounding meal service would obviously result in a constitutional violation to Plaintiff

26  or anyone else. *See Clement*, 298 F.3d at 905; *see also Farmer*, 511 U.S. at 837. Finally,

27  Plaintiff fails to allege a sufficient connection between Defendant Montaño's alleged

28  failure to institute training protocols and Plaintiff's alleged injuries such that Defendant

1    Montaño's conduct rises to the level of a constitutional violation. Plaintiff alleges that in

2    at least one instance, Plaintiff's meal was not corrected because Defendant Jones had

3    falsely asserted that Defendant Montaño "had directed Defendant Trinity to reduce portion

4    sizes for all meals being served," not because of inadequate training or supervision on the

5    part of the correctional officers presiding over meal service. (Doc. 40 at 13).

6          Finally, regarding Defendant Merriman, Plaintiff failed to allege any additional

7    facts regarding Defendant Merriman's failure to train or supervise the ADOC employees.

8    Although Plaintiff's objection appears to include the Magistrate Judge's treatment of his

9    failure to train allegations against Defendant Merriman, the Court finds no support for such

10   a claim in the SAC. *See Barren*, 152 F.3d at 1194 ("A plaintiff must allege facts, not simply

11   conclusions, that show that an individual was personally involved in the deprivation of his

12   civil rights.").

13         Thus, the Court finds that Plaintiff's failure to train claim also must be dismissed as

14   to all Defendants.

15         **b.  Conditions of Confinement**

16         With respect to Plaintiff's conditions of confinement claim, presented as Count 2 in

17   the SAC, Plaintiff appears to be objecting to the Magistrate Judge's failure to disagree with

18   this Court's prior Screening Order of the FAC dismissing Plaintiff's deliberate indifference

19   to a serious medical need claim as duplicative of Plaintiff's conditions of confinement

20   claim. (Doc. 115 at 10). Plaintiff contends, without support, that his two legal theories have

21   differing burdens of proof, and both should be allowed to go forward "as a safety net" and

22   to allow the jury to consider both claims for the purposes of punitive damages. (*Id.*)

23         However, nowhere in the R&R did the Magistrate Judge agree with this Court that

24   Counts 1 and 2 of the FAC were duplicative. Instead, the Magistrate Judge fully evaluated

25   whether Plaintiff alleged sufficient facts to proceed on his deliberate indifference to a

26   serious medical need claim, pled as Count 1 in the SAC, as discussed above. (Doc. 98 at

27   18–20). The Magistrate Judge then analyzed whether Plaintiff cured the defects in his

28   conditions of confinement claim as noted in the Screening Order, finding that he had not.

1    (*Id.* at 20–21).

2         Because Plaintiff does not present a specific objection to the Magistrate Judge's

3    recommendation to dismiss Count 2 of the SAC based on his failure to cure the defects

4    noted in the Screening Order regarding his conditions of confinement claim, the Court

5    adopts this portion of the R&R in its entirety. *Klamath*, 589 F.3d at 1032 (the district court

6    "must review *de novo* the portions of the [Magistrate Judge's] recommendations to which

7    the parties object.").

8                        **c.  Negligence**

9         In Count 3, Plaintiff pleads:

10               Plaintiff incorporates herein by reference thereto, each and all
11               of the averments which are contained in Count I hereof.

12               At all times relevant hereto, Defendants Pat Does I-XI were
13               acting pursuant to and in accordance with Defendant Trinity's
                 corporate policies, directives, performance standards and
14               protocols.

15               For their many failures to prepare the Plaintiff's meals in
16               accordance with his June 7, 2018 RDO and the RD Menus
17               Spreadsheet and the ADOC's Restricted Diets Manual, as
                 those instances are either averred with particularity herein or
18               generally alleged a having otherwise occurred from time to
19               time, Defendants Pat Does I-XI were inexcusably negligent in
                 the performance of their duties, for which they and their
20               employer, Defendant Trinity, are conjointly liable to the
                 Plaintiff for those harms they caused him.
21

22   (Doc. 40 at 17). Plaintiff further alleges that as a result, he suffered injuries in the form of

23   "extreme and near constant hunger for 25 days, fatigue and lassitude, lapses in mental

24   acuity, difficulty with accomplishing ordinary tasks and participating in wanted activities,

25   worsening of preexisting dietary/gastrointestinal condition and, despite already emaciated

26   condition a perilous three-pound weight loss." (*Id.*)

27        To state a claim for negligence under Arizona law, a plaintiff must sufficiently

28   allege facts establishing: 1) a duty requiring the defendant to conform to a certain standard

1   of care; 2) a breach by the defendant of that standard; 3) a causal connection between the

2   defendant's breach and the resulting injury; and 4) actual damages. *Gipson v. Kasey*, 150

3   P.3d 228, 230 (2007) (citation omitted). With respect to Defendant Trinity, liability under

4   a respondeat superior theory means an employer may be held liable for the negligent acts

5   of its employees when those acts are within the scope of the employee's employment.

6   *Engler v. Gulf Interstate Engineering, Inc.*, 230 Ariz. 55, 280 P.3d 599, 601 ¶ 9 (Ariz.

7   2002).

8         In her R&R, Magistrate Judge Bibles notes that this is the first time Plaintiff has

9   raised this claim and finds that "these conclusory allegations are insufficient to give any

10   defendant notice of what 'state law tort claim' Plaintiff might be asserting against Trinity

11   and the Doe Defendants" because Plaintiff only "presents a legal conclusion that the Doe

12   Defendants were 'inexcusably negligent.'" (Doc. 98 at 22). Magistrate Judge Bibles also

13   found that Plaintiff did not sufficiently tie the Doe Defendants' alleged negligence in

14   performing their duties to any liability on Defendant Trinity's part. (*Id.*) Plaintiff objects

15   to the Magistrate Judge's dismissal of his state law claim because to him, construed

16   liberally, "it clearly sounds in negligence." (Doc. 115 at 11).

17         Plaintiff alleges that "Defendant Pat Does I-XI were inexcusably negligent in the

18   performance of their duties" as employees of Defendant Trinity. (Doc. 40 at 17).

19   Presumably, these duties include preparing meals for inmates, including Plaintiff.

20   However, Plaintiff provides no support in Arizona common law to establish a duty that

21   extends from the Defendant Pat Does I-XI to Plaintiff in performing the functions of their

22   employment. Indeed, Plaintiff pleads that Defendant Ryan owed a duty to ensure that

23   prisoners in the custody of the Arizona Department of Corrections "were provided

24   adequate healthcare" and "nutritionally adequate sustenance which would ensure their

25   good health and physical fitness" (Doc. 40 at 5), but fails to allege that Defendant Ryan

26   delegated such a duty to Trinity or its food service workers.

27         Because Plaintiff failed to state a claim against any of the Doe Defendants, Plaintiff

28   has also failed to state a claim for vicarious liability against Defendant Trinity because

1   respondeat superior liability must be based on an underlying "action" or tort by the

2   employee. *See* AZ JICIV SI 5—Respondeat Superior Liability.

3          Thus, the Court adopts the R&R's recommended dismissal of Count 3 for failure to

4   state a claim upon which relief can be granted.

5          **III.    Conclusion**

6          Accordingly,

7          **IT IS ORDERED** that Plaintiff Kenneth W. Reed's "Objections to Magistrate

8   Judge's January 28, 2022, Report and Recommendation" (Doc. 115) is **OVERRULED**.

9          **IT IS FURTHER ORDERED** that the Report and Recommendation of Magistrate

10  Judge Camille D. Bibles (Doc. 98) is **ADOPTED**.

11         **IT IS FURTHER ORDERED** that the Second Amended Complaint (Doc. 40) is

12  dismissed, and First Amended Complaint (Doc. 25) remains the operative complaint.

13         Dated this 22nd day of June, 2022.

14

15
                                        James A. Teilborg
16                                  Senior United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28