**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W Reed,<br><br>  Plaintiff,<br><br>v.<br><br>Trinity Services Group Incorporated, et al.,<br><br>  Respondents. | No. CV-21-00016-PHX-JAT (CDB)<br><br>**ORDER** |

Pending before the Court is Plaintiff Kenneth W. Reed's "Motion for Reconsideration of Court's June 14, 2022, Order and Motion for Order Recusing Magistrate Judge." (Doc. 172).

## I.   BACKGROUND

On February 23, 2022, the Magistrate Judge issued an Order to Show Cause as to why the Court should not dismiss Defendants Gaye and Tuozzo for Plaintiff's failure to timely serve them with his First Amended Complaint. (Doc. 113). Plaintiff responded, requesting that the Magistrate Judge reconsider her prior order denying Plaintiff's request to subpoena the Defendant's personnel files and related information that may help Plaintiff identify their current addresses for service. (Doc. 124). In Plaintiff's response, he makes the following statements:

> On November 15, 2021, Assistant Arizona Attorney General Michael E. Gottfried appeared on behalf of the ADOCCR (i.e., not David Shinn) to file under seal what supposedly where the last known addresses of Would-Be Defendants Gaye and Tuozzo. However, neither of those two addresses Mr. Gottfried

>provided to the Court proved viable: Service upon Would-Be Defendant Tuozzo was returned unexecuted on December 15, 2021, which service upon Would-Be Defendant Gaye was supposedly returned unexecuted on February 7, 2022.

(Doc. 124 at 3) (citations omitted) (emphasis in original). And, while discussing his concern that the Assistant Attorney General filed the last known addresses instead of David Shinn himself, Plaintiff remarked:

>Hence, no one (again, in the context of "one being a person) is accountable for the Court's having been provided the wrong information regarding Would-Be Defendants Gaye's and Tuozzo's whereabouts.
>Plaintiff submits secondly that it is utterly inconceivable that the custodian of ADOCRR's personnel records would not require of each and all of the ADOCRR's retirees to periodically update their own files to ensure that their benefits… and any income tax reporting information…are being sent to the right places.

(*Id.* at 4) Then, in a footnote, Plaintiff states that his argument "charitably" assumes that the Attorney General was filing the last known addresses for Defendants Gaye and Tuozzo as "merely the messenger for the ADOCRR." (*Id.*)

In her Report and Recommendation (R&R) (Doc. 125) recommending dismissal of Defendants Gaye and Tuozzo and denying Plaintiff's request for further discovery into their whereabouts, the Magistrate Judge stated:

>Additionally, Plaintiff offers nothing except his own suspicions and a bald allegation of deceit in support of his allegation that the last known addresses provided by the ADCCR for Defendants Gaye and Tuozzo were purposefully incorrect and, accordingly there would appear to be no basis to presume that disclosure of these individual's personnel records would reveal any other address for them other than that already provided.

(Doc. 125 at 5).

The Plaintiff filed objections to the R&R, including an objection regarding the above statement by the Magistrate Judge. (Doc. 135). Plaintiff argued that the Magistrate Judge, in making her above statement, "falsely constructed the record to level an

unwarranted accusation against the Plaintiff" and that by "venting her antagonism towards the Plaintiff," she "revealed herself to not have made an unbiased ruling in this matter." (Doc. 135 at 7–8).

The Court addressed Plaintiff's objection as follows:
> Finally, to the extent that Plaintiff has raised additional objections that are collateral to the determinative factual and legal issues underlying the R&R, the Court declines to address them.

(Doc. 162 at 5). The Court's Order also noted that:
> Plaintiff contends that the last known addresses provided to the Court were inaccurate such that he needs additional information from ADCCR. The Magistrate Judge found, and the Court agrees, that Plaintiff has not shown that the last know addresses provided by ADCRR were incorrect when provided to the Court, intentionally so or otherwise."

(*Id.*) (citations omitted).

## II.  MOTION FOR RECONSIDERATION

Pursuant to Local Rule 7.2(g)(1):
> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

Plaintiff argues that the Court overlooked this objection in its Order (Doc. 162) adopting the R&R (Doc. 125) recommending dismissal of Defendants Gaye and Tuozzo. The Court did not address Plaintiff's objection substantively because it does not bear on the substance of the Court's review of the R&R, namely, whether the Magistrate Judge erred in recommending dismissal of Defendants Gaye and Tuozzo for failure to serve. The

Court will briefly address the objection now.

The Court disagrees with, and overrules, Plaintiff's objection to the extent that Plaintiff is asking the Court to hold that the Magistrate Judge's statement is incorrect or an attempt to falsely construct the record. Plaintiff's Response to the Magistrate Judge's Order to Show Cause argued, without support, that the addresses were "wrong" and appears to imply that the Attorney General filed the documents for David Shinn and ADCRR so that no person "is held accountable for the Court's having been provided the wrong information." (Doc. 124 at 3). Moreover, the tone of Plaintiff's brief also seems to imply that he does not believe that David Shinn, ADCRR, and the Attorney General accurately reported the Defendants' correct contact information, stating that it is "utterly inconceivable" to him that ADCRR's personnel records department would not have their updated addresses on file. Plaintiff's entire argument seems to suggest that David Shinn, ADCRR, and/or the Attorney General committed some malfeasance in response to the Magistrate Judge's court order requiring Defendants' last known addresses. The Court finds that the Magistrate Judge did not err in characterizing Plaintiff's arguments as she did, given the tone and word choice of his response brief.

However, the Court agrees with Plaintiff that it did not directly address Plaintiff's allegation of the Magistrate Judge's bias, so the Court addresses that below.

### III. MOTION FOR RECUSAL

Motions to disqualify or recuse a federal judge fall under two statutory provisions, 28 U.S.C. §§ 144 and 455.

Under both Sections 144 and 455, recusal is only warranted when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (quoting *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997)) abrogated on other grounds in *Simmons v. Himmelreich*, 136 S.Ct. 1843 (2016). "In nearly all cases, the source of any alleged bias must be extrajudicial." *Young v. Arizona Dep't of Env't Quality*, No. CV-20-1617-PHX-DGC-JZB, 2020 WL 5544360, at *2 (D. Ariz. Sept. 16, 2020)

(citing *Liteky v. United States*, 510 U.S. 540, 544–56 (1994)). In other words, a judge's rulings, alone, "almost never constitute a valid basis for a bias or partiality motion." *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013) (quoting *Liteky*, 510 U.S. at 555).

Here, Plaintiff alleges no extrajudicial source of bias, nor any bias other than his displeasure with the Magistrate Judge's rulings against his motions in this case. Nor has Plaintiff presented evidence of favoritism or antagonism on behalf of the Magistrate Judge. Although Plaintiff argues that the Magistrate Judge's holding that he was not entitled to seek discovery of the Defendants' personnel files was the Magistrate Judge's attempt to "falsely construct[]" the record and the leveling of "an unwarranted accusation" against him, there is no showing or even suggestion that an objectively reasonable basis exists for the Magistrate Judge's recusal. Thus, the Court finds no basis for recusal, so Plaintiff's motion is denied.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Plaintiff's "Motion for Reconsideration of Court's June 14, 2022, Order and Motion for Order Recusing Magistrate Judge" (Doc. 172) is **DENIED**.

Dated this 11th day of July, 2022.

James A. Teilborg
Senior United States District Judge