**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth W Reed, | No. CV-21-00016-PHX-JAT (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Trinity Services Group Incorporated, et al., | |
| Respondents. | |

Pending before the Court are Plaintiff's Objections to, and Request for Court's De Novo Review of Magistrate Judge's June 24, 2022 Ruling (Doc. 185) and Motion for Relief from June 24, 2022 Order and Motion to Recuse (Doc. 188). As the appeal and motions relate to the Magistrate Judge's June 24 order, this Court will rule on all three here.

**I.    BACKGROUND**

Plaintiff Kenneth W. Reed brought suit against the director of the Arizona Department of Corrections (DOC), a number of DOC employees, and a DOC contractor. (*See* Doc. 1-3). He alleged that prison officials and the contractor failed to provide him with his required special diet. (*See* Doc. 1-3 at 11–12). In January of 2022, Plaintiff moved for leave to issue a subpoena duces tecum upon non-parties, who were in charge of maintaining prison records. (*See* Doc. 90). In the subpoena, Plaintiff sought three sets of documents: a. Correctional Service Journals from Central Housing Unit 8 between August 10 and September 4 of 2018, b. Information Reports mentioning him filed during that same timeframe, c. Count and Movement or the Inmate Accountability office's registry showing

his bed location and the names and prisoner numbers of those prisoners whose beds were next to his. (*See* Doc. 90 at 7). The Magistrate Judge granted leave to issue the subpoena on March 17, 2022. (*See* Doc. 122 at 2–3).

The Marshall's Service served the subpoena, but Deputy Warden Sanchez, who Plaintiff claimed had control over the requested records, failed to comply. (*See* Doc. 153 at 2). Plaintiff then moved for an order compelling compliance with the subpoena. (Doc. 153). In its Response the DOC reproduced his subpoena request but misquoted the date of the documents requested. (*See* Doc. 161 at 1). The DOC quoted the subpoena as requesting documents from "August 10 and September 4, 2019" instead of from 2018, which is the year that was listed on the original subpoena. (*Id.*). The Response further noted that the DOC sent documents responsive to the first two sets of documents requested but not to the third set because the DOC was prohibited from doing so by state law. (*See id.*). A.R.S. § 31-221 prohibits prisoners from accessing any prisoner records aside from their own "automated summary record file." (*See id.*); A.R.S. §31-221. Replying, Plaintiff stated that although the Assistant Attorney General representing the DOC "claims that ... the documents [that were] ... produced are responsive to, and, hence constitute full compliance with Plaintiff's subpoena ..." that only seventeen pages were actually responsive. (Doc. 165 at 2).

The Magistrate Judge who ruled on the motion found that Plaintiff did ask for records from 2019. (*See* Doc. 166 at 1). Because the DOC gave Plaintiff documents from 2019, the court ruled, it complied with the first request in the subpoena. Furthermore, the court held that Plaintiff "allowed" that the documents were responsive to the subpoena and that seventeen of the pages were of use. (*Id.*). Finally, she agreed with the assessment of the DOC that it did not have to produce any documents responsive to the third request on the subpoena because Arizona law prohibited a prisoner from viewing files of other prisoners. Plaintiff's motion to compel was denied. On July 11, 2022, Plaintiff filed an objection to the Magistrate Judge's order. (*See* Doc. 185). On July 18, 2022, Plaintiff moved to have the Magistrate Judge removed from the case or in the alternative for this

Court to stay proceedings pending the Ninth Circuit Court of Appeals decision on a not yet filed complaint of judicial misconduct regarding the magistrate judge's conduct. (*See* Doc. 188).

## II.   OBJECTION TO MAGISTRATE JUDGE'S ORDER

Federal Rule of Civil Procedure Seventy-Two states that a district judge "must ... modify or set aside any part of [an] ... order that is clearly erroneous or is contrary to law." F.R.C.P. 72. Here, the Magistrate Judge made a clear error of fact when finding that Plaintiff's original subpoena requested documents from 2019. Her ruling was also contrary to law in that she applied Arizona law to preclude the release of prisoner records to Plaintiff, rather than applying federal law.

### a.  Legal Standard

Under Rule 72(a), for factual conclusions this Court must apply a clear error standard. *See Adams v. Symetra Life Insurance Co.*, No. CV-18-00378, 2020 WL 6469949, *1 (D. Ariz. Nov. 3, 2020). This means that after a review of all the evidence that "the Court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). This is a very high standard that is only met when the factual error committed is clear and obvious. As the Ninth Circuit noted, if the Magistrate Judge's findings are "plausible in light of the record viewed in its entirety" this Court cannot reverse, "even if it is convinced it would have found differently." *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). Specifically in the context of discovery disputes, Magistrate Judges are "Afforded broad discretion," which can only be overruled when abused. *See Adams*, No. CV-18-00378, 2020 WL 6469949 at *1.

For conclusions of law, however, the standard is de novo review. Rule 72(a) simply uses the phrase "contrary to law." *See* F.R.C.P. 72. Thus, this Court must engage in a de novo review of the underlying claim to assess whether the Magistrate Judge applied the incorrect law or applied the correct law inaccurately. *See Adams*, No. CV-18-00378, 2020 WL 6469949 at *1 (noting that "[a] magistrate judge's legal conclusions are contrary to law when they omit or misapply the relevant law."); *See also* 28 U.S.C. § 636 ("A judge of the court may reconsider any pretrial matter

... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

### b. Analysis

#### i. 2019 Versus 2018

At the outset, this Court must address Plaintiff's serious claims that the Magistrate Judge "falsified the record." (*See* Doc 185 at 4). This Court does acknowledge that the version of Part a of Plaintiff's subpoena that appears in the order denying his motion to compel is different than Part a of his original subpoena. Yet this in no way suggests, even remotely, that the record was falsified. There is absolutely no evidence, aside from the minor discrepancy in the order, that points to purposeful falsification. This Court will thus interpret this difference as a typographical error on the part of counsel for DOC that was then relied upon as fact by the Magistrate Judge. It was simply a mistake.

This mistake does constitute clear error of fact, however. Simply put, in his original subpoena, Plaintiff requested Correctional Service Journals or Logs from "between August 10 and September 4, *2018*." (Doc. 90 at 7) (emphasis added). The DOC's response to his motion to compel, however, quoted this part of the subpoena as requesting documents from "between August 10 and September 4, *2019*." (Doc. 161 at 1) (emphasis added). The Magistrate Judge's Order denying the Motion to Compel also reported the year as 2019. *See* (Doc. 166 at 1). Clearly a factual mistake was made here, and that incorrect fact was relied upon in making the determination that the DOC had complied with the subpoena. This was a clear error. Consequently, this case will be remanded to the Magistrate Judge to rule on the motion to compel applying the correct facts.

#### ii. Plaintiff Allows

Plaintiff also asserts that the Magistrate Judge made a clear error when she stated in her order that Plaintiff "allows that the produced documents are responsive to, and, hence, constitute full compliance with the Plaintiff's subpoena." (*See* Doc. 166 at 2) (internal quotations omitted). In his original reply regarding his Motion to Compel, he stated that "Ms. Zuerlein (counsel for DOC) claims that ... [the documents] produced are responsive

- 4 -

1 to, and, hence, constitute full compliance with the Plaintiff's subpoena[.]" (*See* Doc. 165 at 2). Thus, it seems that this was misattributed to Plaintiff in the Order. Again, it must be stated that this Court finds no evidence whatsoever that this error was done purposefully. Like the other error, it was simply a mistake.

This mistake, unlike the first one, does not constitute clear error. Looking to the record as a whole, it is clear that Plaintiff found that seventeen pages were responsive to the original subpoena. He notes in his Reply that seventeen pages of information reports are of use. (*See* Doc. 165 at 2). Consequently, at least to some extent the DOC complied with the subpoena. It, therefore, was not incorrect for the Magistrate Judge to find that the documents were responsive. While a mistake was made, the Magistrate Judge appropriately acted within her discretion in determining that the DOC was somewhat compliant with the subpoena.

### *iii. Arizona Privilege Law Does Not Apply*

Finally, Plaintiff contends that the Magistrate Judge was wrong to find that Arizona Law prohibited the DOC from releasing information relating to the housing location of prisoners to him. A.R.S. § 31-221(c) states that the DOC "shall not disclose records or portions of records: 1. Revealing the identity of a confidential informant. 2. Endangering the life or physical safety of a person. 3. Jeopardizing an ongoing criminal investigation." A.R.S. § 31-221(C). Plaintiff contends that the records he is requesting do not fall into any of those three categories. (*See* Doc. 185 at 5) § 31-221(E), states, however, that "a prisoner shall not have access to any prisoner records other than viewing the prisoner's own automated summary record file ...." A.R.S. §31-221(E). Plaintiff did not directly address this section of the law but nevertheless contends he is not barred by it. (*See* Doc. 185 at 5).

The Magistrate Judge agreed with the DOC, and found that § 31-221 barred the release of the requested documents to the Plaintiff. (*See* Doc. 166 at 2). It is true that under the plain text of the Arizona Law, the Plaintiff would likely not be able to get access to the prisoner files he requests. Yet, in this case, federal privilege law applies, not state law. In the order, the Magistrate Judge applied the improper law to decide this issue. Under Federal

Rule of Evidence 501, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. State privilege law only governs in a state law case. This case is a federal civil rights complaint brought under 42 U.S.C. §1983. (*See* Doc. 1-1 at 2). Consequently, federal law supplies the rule of decision and federal law governs all privilege issues. *See Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005). A.R.S § 31-221 is a privilege law and has been treated as such by courts. *See Vensor v. Central Arizona Correctional Facility*, CV-12-1780, 2014 WL 12675251, *2 (D. Ariz. Jan. 16, 2014) (discussing how although §31-221 would govern the case if state law provided the rule of decision, here "federal law of privilege governs this Plaintiff's civil rights action under 42 U.S.C. § 1983.").

This case is unique, however, because the subpoena is being served on non-parties, which raises the question whether federal privilege law applies to them in this instance. Were this subpoena issued to Defendants, it would be clear that they would be bound by federal privilege law and consequently would have to turn over the requested paperwork, if nothing else prevented them from releasing it. As far as this Court's research has revealed, the issue of whether federal law in this instance applies to non-parties is one of first impression. This Court finds that federal privilege law controls in this circumstance.

First, starting with the text of Rule 501 itself, it is clear that federal law must apply to every aspect of this case, including the subpoena. The Rule states that state privilege law governs only in cases where "state law supplies the rule of decision." Fed. R. Evid. 501. Because the Rule expressly states the condition that triggers the application of state privilege law, when state law supplies the underlying rule of decision for the case, it necessarily excludes any other conditions under which state law would apply. *See* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*, 107 (2012) (Discussing the Negative-Implication Canon). This means that state privilege law only applies when state law also supplies the underlying rule of decision for the case. Consequently, federal privilege law will govern when federal law supplies the underlying decisional rule. Furthermore, the Rule is specific to a "claim or defense ...." Fed. R. Evid.

501. Thus, federal privilege law will apply to every aspect of each claim or defense governed by federal law.

Here, counsel for Defendants raised Arizona privilege law as a defense for not complying with the request for information on other prisoners. This was a defense to complying to a subpoena in a § 1983 case. Therefore, the only defenses available come from federal privilege law, not state privilege law. Furthermore, as the subpoena was in furtherance of the § 1983 claim, the scope of the subpoena would also be governed by federal privilege law. A subpoena in these circumstances can only ask for things that are not protected by federal privilege laws. And people subject to such a subpoena must give over relevant documents, which are otherwise discoverable in a case, that are not protected by federal privilege laws. Federal law, then, is what should be looked to when determining whether documents are protected from disclosure. The Magistrate Judge applied the incorrect law. This Court will remand to the Magistrate Judge so that the motion to compel can be assessed under federal privilege law to see whether the information is privileged or whether other concerns weigh against releasing this information to Plaintiff.[1]

### III.   MOTION FOR RECUSAL

Plaintiff requests that the Magistrate Judge be recused because of the two factual errors she committed. This motion to recuse will be denied. Recusal of a magistrate judge is required in circumstances where "his impartiality might reasonably be questioned." 28 U.S.C. § 455. This standard is high. As the Supreme Court stated, in order to be removed for lack of impartiality, the bias or prejudice of the judge must be "so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). Because of this, "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555. Impartiality is assessed through the lens of the reasonable person. *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014). Not

---

[1] The Federal District Court for the District of Arizona has previously recognized that legitimate security concerns constitute a valid basis for redaction of information from requested documents. *See Guillen v. Owens*, No. CV-10-226, 2011 WL 5882554 (D. Ariz. Nov. 23, 2011). Security concerns may also be a basis for not turning over certain documents that include specific information about prisoners and prisoner location, though this Court leaves that issue to the Magistrate Judge to decide.

as it would be assessed by someone who is "hypersensitive or unduly suspicious." *Id.* Essentially the Court must ask whether a reasonable person would see the judge as no longer acting impartially.

As stated above, there is no evidence showing that the Magistrate Judge was biased or prejudiced here. The only thing that Plaintiff can point to are the two factual errors that the Judge made. These do not indicate to the court that the Magistrate Judge was so prejudiced against Plaintiff that she had a "clear inability to render fair judgment." *Liteky*, 510 U.S. at 551. The Magistrate Judge simply made an error with respect to the year of the files Plaintiff requested and misattributed a sentence from his motion to compel. This is a far cry from what is needed to show that a judge was so biased that he must be recused. This motion will therefore be denied.

### IV.  MOTION TO STAY PROCEEDINGS

For the same reasons as his motion for recusal, Plaintiff also requests that this Court stay these proceedings pending an as yet to be filed complaint regarding the conduct of the Magistrate Judge. This motion to stay proceedings will too be denied. The Supreme Court has stated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). It is within this Court's discretion to determine whether to stay proceedings. In making this determination, this Court is tasked with weighing competing interests and maintaining an even balance. *See Landis*, 299 U.S. at 254–55. Under the *Landis* test, courts must weigh the possible damage that might result from grating the stay, the "hardship or inequity" which a party might suffer in being made to go forward with the case, and "the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

First, Plaintiff has not yet brought his complaint before the Ninth Circuit, so this Court would be staying proceedings pending the outcome of a non-existent case. Second, there would be no hardship or inequity by requiring Plaintiff to proceed with this case because the potential

complaint is regarding the judicial conduct of a Magistrate Judge, an issue peripheral to the underlying §1983 claim. Third, and relatedly, the complaint against the Magistrate Judge would not resolve anything related to the issues, proof, or questions of law involved in this case. Thus, the orderly course of justice could not be advanced. To the contrary, it would be impeded were this Court to grant a stay. It is true that there would be no calculable damage that would result from staying proceedings, but it would place a heavy burden on this court because the time and resources that have already been spent on this matter would be wasted. There is no basis for granting a stay of these proceedings. Consequently, this motion will also be denied.

### V.     CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff Kenneth W. Reed's "Objections To, And Request For Court's De Novo Review Of Magistrate Judge's June 24, 2022, Ruling To Deny Plaintiff's Motion For Issuance Of Order Compelling Non-Party Alejandro Sanchez To Comply With Subpoena" (Doc. 185) is **SUSTAINED in part and OVERRULED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For Relief From June 24, 2022 Order For Fraud Upon The Court Having Been Committed By Court's Own Judicial Officer and Motion To Recuse Fraudfeasor Magistrate Judge or, In the Alternative, Motion To Stay Proceedings Pending United States Court Of Appeals' Disposition Of Forthcoming Complaint Of Judicial Misconduct" (Doc. 188) is **DENIED**.

Dated this 21st day of December, 2022.

James A. Teilborg
Senior United States District Judge